IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARK MADISON LOWE,**
    Plaintiff,

v.                                                       Civil No. 3:21cv193

**MARK HERRING, et al.,**
    Defendants.

## MEMORANDUM OPINION

Mark Madison Lowe, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on June 21, 2021, the Court directed Lowe to file a Particularized Complaint.[2] (ECF No. 25.) In the June 21, 2021 Memorandum Order, the Court warned Lowe that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the June 21, 2021 Memorandum Order, the Court would dismiss all defendants not properly joined with the first named defendant. (*Id.* at 1–2.) Lowe filed a Particularized Complaint. (ECF No. 28.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[3]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and capitalization in the quotations from Lowe's submissions.

[3] Federal Rule of Civil Procedure 20(a) provides:

> **(2) *Defendants*.** Persons . . . may be joined in one action as defendants if:

and Lowe's lack of compliance with the Court's June 21, 2021 Memorandum Order.[4]

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a court accepts the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

---

        **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
        **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

    [4] Lowe's Motion for an Extension of Time, (ECF No. 27), will be GRANTED and the Particularized Complaint will be deemed timely filed.

conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). To survive dismissal for failure to state a claim, a plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple

3

defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)."

*Coles v. McNeely*, No. 3:11cv130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III. DISMISSAL OF IMPROPERLY JOINED CLAIMS

In his Particularized Complaint, Lowe named eight individuals as defendants: Mark Herring, the Attorney General for the Commonwealth of Virginia; Craig Stallard, an Assistant Attorney General for the Commonwealth of Virginia; Richard Cox, the Commonwealth Attorney for Powhattan County; Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"); Karl Leonard, the Sheriff of Chesterfield County; Thomas B. Hoover, Judge Designate for the Chesterfield Circuit Court; Roderick C. Young, a District Judge and former Magistrate Judge with this Court; and Henry Hudson, a District Judge with this Court. (ECF No. 28, at 1.) Lowe made no effort to comply with the joinder requirements. Instead, Lowe has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George*, 507 F.3d at 607). For example, Lowe contends that "Mark Herring, Craig Stallard, and Richard Cox have failed to correct the fraudulent testimony and records submitted to the courts." (ECF No. 28, at 5.) Lowe contends that Judge Hudson is liable for refusing to serve a complaint that Lowe filed in 2020. (*Id.* at 17.) Lowe argues that Harold Clarke is apparently liable because Lowe was assaulted while in the custody of the VDOC and Clarke was and is the Director of the VDOC.

(*Id.*)

Although Lowe vaguely alleges that a conspiracy exists among all the defendants, Lowe has not stated any plausible claim for a conspiracy to deprive Lowe of his civil rights. Because Lowe's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (citations omitted); *see Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

In order to satisfy his pleading burden with respect to a conspiracy, Lowe "needed to plead facts that would 'reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" *Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008) (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)). "[T]he bare, conclusory allegation that the defendants conspired to violate his constitutional rights" is insufficient. *Id.* Accordingly, Lowe's broad claims of an overarching conspiracy, which encompasses all of the named defendants, will be DISMISSED WITH PREJUDICE.

Absent a plausible claim of conspiracy, Lowe has failed to articulate a common question of law and fact for all of the named defendants. *See* Fed. R. Civ. P. 20(a). Furthermore, the Court finds that Lowe's various causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." *Id.*

Accordingly, the Court now proceeds with the analysis outlined in the June 21, 2021 Memorandum Order, the Court will drop all defendants not properly joined with the first named

defendant in the body of the Particularized Complaint.[5] The first named defendant in the fact section of the body of the Particularized Complaint is Sheriff Karl Leonard. (ECF No. 28, at 12.) No other defendant is properly joined with Lowe's somewhat inchoate claims against Leonard. Accordingly, all claims against the remaining defendants will be DISMISSED WITHOUT PREJUDICE. The action will proceed only on the claims against Leonard. Furthermore, as explained below, Lowe's claims against Leonard are frivolous and fail to state a claim.

### IV. SUMMARY OF REMAINING PERTINENT ALLEGATIONS[6]

In August of 2013, Lowe's criminal trial commenced in the Circuit Court for Chesterfield County. (ECF No. 28, at 11.) According to Lowe, he

> testified in his own defense. However, the Commonwealth secretly used a taser belt to alter testimony before the jury. Mark Lowe is a defendant with a heart condition. The Karl Leonard's Sheriff's Office stipulated to using a RACC taser belt in secret and as part of tactical plan on May 1, 2014. The Chesterfield County Sheriff asserted the officers acted under a secret and unreleased tactical plan concealed under Virginia Code 2.2–3706. Pursuant to the May 1, 2014 letter, the Sheriff's Office refused to identify the officers involved in the deployment of the taser belt or disclose the surveillance system images of the distribution of the taser belt. Pursuant to [the] July 5, 2013 letter from the Office of the Chesterfield County Sheriff, all surveillance system images were destroyed in violation of Virginia law. The Sheriff destroyed, deleted, and/or failed to retain any images of Mark Lowe during trial or in the courthouse.

(*Id.* at 11–12 (paragraph numbers, spacing, and citations omitted).)

### V. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of

---

[5] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, 2010 WL 724023, at *8 n.10 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

[6] In reciting the pertinent allegation, the Court only sets forth Lowe's nonconclusory factual allegations. *See Ashcroft*, 556 U.S. at 679.

7

merit of Lowe's claims for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). First, Lowe fails to coherently articulate how requiring that he wear a stun belt under his clothing during his trial and destroying some records violated his federal constitutional right. *See Powell v. Heimgartner*, 640 F. App'x 705, 708 (10th Cir. 2016) (rejecting petitioner's constitutional challenges to wearing a stun belt during his trial). Furthermore, the Court finds factually frivolous Lowe's contention that a stun belt was somehow used to alter his testimony.[7] Second, as explained below, any claim pertaining to the use of the stun belt and the destruction of documents and images in 2013 and 2014 would be barred by the relevant statute of limitations.

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West 2021). Thus, Lowe was required to file his Complaint within two years from when the underlying claims accrued. When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her

---

[7] To the extent that Lowe suggests that the use of the stun belt somehow invalidated his criminal proceedings, such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases. *See Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

8

injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). It is clear from the face of the Complaint, that Lowe's claims against Leonard accrued many years before he filed the Complaint in 2021. Accordingly, all claims against Leonard will be DISMISSED for failure to state a claim and as legally frivolous.

## VI. <u>CONCLUSION</u>

Lowe moves to disqualify Judge Hudson from presiding over this action. Because Judge Hudson is not presiding over this action, Lowe's Motion to Disqualify, (ECF No. 24), will be DENIED. Lowe also moves for a preliminary injunction concerning his current conditions of confinement. Because Lowe failed to adequately plead any claim related to his current conditions of confinement, his Motion for a Preliminary Injunction, (ECF No. 3), will be DENIED. Lowe's Motion to Serve Defendants, (ECF No. 29), will be DENIED. Lowe's Motion for the Appointment of Counsel, (ECF No. 29), will be denied. The Motion to Withdraw as Counsel for Defendant Leonard by Greer Drummond, (ECF No. 31), will be GRANTED.

Lowe's claims against all the defendants, except Leonard, will be DISMISSED WITHOUT PREJUDICE as improperly joined. Lowe's claims against Leonard will be DISMISSED for failure to state a claim and as legally frivolous. Lowe's Motion for a Change of Venue, (ECF No. 8), will be DENIED, and the action will be DISMISSED.

The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g). This is Lowe's third strike. *See Lowe v. Virginia Commonwealth Dep't of Soc. Servs.*, No. 3:15cv535, 2016 WL 1070824, at *1 (E.D. Va. Mar. 16, 2016*), aff'd as modified sub nom. Lowe v. Virginia Dep't of Soc. Servs.*, 653 F. App'x 190 (4th Cir. 2016); *Lowe v. Clarke*, No.

9

3:20cv390, 2021 WL 4852174, at *12 (E.D. Va. Oct. 18, 2021), *reconsideration denied*, No. 3:20cv390, 2021 WL 5770421 (E.D. Va. Dec. 6, 2021).

An appropriate Order will accompany this Memorandum Opinion.

Date: 3 February 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge